# DAVEY TREE EXPERT COMPANY *vs.* JOHN M. DENNIS.

*Action for Services—Number of Hours Consumed—Excessive Computation—Instructions.*

In an action on account of services rendered and materials furnished in the treatment of trees, under a contract which named a sum to be paid per hour for each man furnished, *held* that there was evidence. in support of defendant's claim that an unreasonable time was consumed in the doing of the work, and that the charges for materials were excessive.        p. 89

A prayer submitted by plaintiff, that if the jury should find for plaintiff, they might allow compensation at the agreed rate per hour for each man furnished by plaintiff in the doing of the work, and also the cost of the materials used and the expense of their transportation, was properly refused, it not referring to the issue whether the work was unreasonably prolonged, and it conflicting with an instruction obtained by defendant, which directed the jury to allow plaintiff at the agreed rate per hour for such number of hours of work as the jury should find were reasonably necessary to accomplish the purpose of the agreement.        p. 90

In simply prescribing the rate of compensation per hour, and in omitting to specify the total amount to be paid, the contract did not preclude defendant from questioning the necessity for the use of as much time as plaintiff's foreman reported.

p. 90

That defendant signed the forms of approval on the weekly reports of plaintiff's foreman as to time consumed *held* not to debar him from making the defense that an unnecessary amount of time was consumed, in view of his absence the greater part of the time, his assumption of the fairness of the reports submitted, and his desire not to stop the work while uncompleted, owing to the fact that a large tree, to which the work was specially directed, had been excavated to such an extent that the work thereon could not safely be left unfinished.        p. 90

A prayer which told the jury that if they found for plaintiff, and should further find that the invoice in evidence truly stated the amount due plaintiff by defendant for the work done under the contract, they might award that amount with interest in their discretion, was properly refused, it ignoring the issue as to the necessity for the prolongation of the work to the extent indicated by the invoice.          pp. 90, 91

That the court allowed a question in answer to which defendant said that he regarded plaintiff's representative, who solicited the order for the work, as competent to assure him, as he did, that the work would not cost over a sum named, was not reversible error, defendant having testified without exception, both before and after the exception to the ruling, as to such alleged statement, and the representative having also been questioned in regard thereto and given opposing testimony.          p. 91

*Decided February 1st, 1924.*

Appeal from the Circuit Court for Howard County (FORSYTHE, J.).

Action by the Davey Tree Expert Company against John M. Dennis. From a judgment in favor of plaintiff for less than its claim, it appeals. Affirmed.

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Joseph L. Donovan* and *Arthur L. Jackson,* for the appellant.

*Albert S. J. Owens,* with whom were *Howard Bryant* and *Edward M. Hammond* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The Davey Tree Expert Company, having obtained a judgment for $435.56 on its claim of $601.13 against the appellee, Mr. John M. Dennis, for services rendered and materials furnished in the treatment of several trees on his

premises in Baltimore County, has taken this appeal because
of certain rulings which are said to have improperly limited
the amount of the recovery.   The contract for the work is
embodied in a written order signed by Mr. Dennis, addressed
to and accepted by the plaintiff corporation, as follows:

"Will you kindly send your expert to treat my trees?
I understand that your charges are one dollar and
eighty cents per hour for each man furnished (work-
ing time only), plus the cost of material and cartage.
I understand that payment is to be made direct to
your main office within ten days after receipt of in-
voice.   I reserve the right to stop the work at my dis-
cretion."

This was followed on the order form by the statement:

"No straight contracts are permitted under any cir-
cumstances and no estimates which may be given by
any representative of the Davey Tree Expert Com-
pany may be considered more than the personal opin-
ion of the representative and are never binding upon
the company."

The order was solicited by the company, and was given
by Mr. Dennis with special reference to the preservation of
a large ash tree standing beside the driveway to his residence.
Two other trees were also treated, but the work upon them
occupied only a short time.   On the ash tree there were two
"split crotches" where conditions had developed because of
which considerable excavating, cementing and bracing work
was required.   The service under the agreement began on
May 30th and ended on June 19th, 1920.   It was performed
by one of the company's foremen and another of its em-
ployees.   The foreman's weekly reports showed periods of
work by himself and his assistant, respectively, which aggre-
gated two hundred and ninety hours.   At the contract rate
of $1.80 per hour, the charge for their service was $522.
There were also charges amounting to $79.13 for materials.
At the end of each of the three weeks during which the work
continued, the foreman submitted to Mr. Dennis a report

of the time spent on the work in the course of the week. There was a form of approval on the reports which Mr. Dennis signed as they were presented. When the first one was submitted for his approval he realized, as he admits, that the cost of the service would exceed the estimate of $150 which, as he testifies, was given by the company's representative when the order was solicited, but as the large ash tree had been excavated to such an extent that the work on it could not be safely left unfinished, and as he relied upon the good faith of the foreman and the assurance of fair treatment given by the company in its letter acknowledging the order, he signed the approval form on the weekly reports and allowed the work to proceed.

The claim in part is disputed on the ground that much more time was consumed in the work than it reasonably required, and that the charges for material are excessive. This defense is supported by testimony in the record. Competent witnesses for the defendant testified, after having examined the completed work, that it could have been done properly within a period which, according to the maximum of their estimates, would not have been more than one-third of the time mentioned in the plaintiff's claim. From testimony as to the value of the materials used, it could be reasonably inferred that the scale of charges for such items was higher than the agreement permitted.

By the plaintiff's first prayer, which was granted, a verdict in its favor was directed if the jury found that the order mentioned in the evidence was given and accepted, and that the plaintiff "did certain work" in pursuance of the order, for which it has not been paid. The plaintiff's second prayer proposed to have the jury instructed that if they should find for the plaintiff under the first prayer, they might allow it "compensation at the rate of $1.80 per hour for each man furnished by the plaintiff for each hour which said man worked" under the order sued on, and also the cost of the materials used and the expense of their transportation, and also interest at six per cent. in the discretion of

the jury, from a date ten days subsequent to the time when the invoice sent the defendant was received. This prayer was refused. It made no reference to the issue as to whether the work was unreasonably prolonged. It could not have been granted consistently with the instruction obtained by the defendant, which directed the jury to allow the plaintiff, for each man employed in the work agreed upon $1.80 per hour, for such number of hours of work as the jury should find were reasonably necessary to accomplish the purpose of the agreement. In simply prescribing the rate of compensation per hour, and in omitting to specify the total amount to be paid, the agreement did not preclude the defendant from questioning the necessity for the use of as much time in the work as the plaintiff's foreman reported. It was certainly not the purpose of the contract to commit wholly to the plaintiff or its employees the right to determine whether or not the service was unduly protracted. The fact that the defendant signed the approval form on the weekly reports, under the circumstances and for the reasons to which he has testified, ought not to debar him from making his present defense, if there was in reality an unnecessary and extravagant consumption of time in the work for which he has been sued. During the greater part of the time when the work on the trees was in progress he was absent from his home, and his assumption as to the fairness of the weekly reports submitted for his approval, and his omission to exercise his right to stop the work while it was uncompleted, in view of the condition he has described, should not prevent the inquiry to which the trial of the case was mainly directed. In our judgment, the court below committed no error in refusing the plaintiff's second prayer, and in granting the prayer of the defendant to which we have referred.

The plaintiff's third prayer sought an instruction that if the jury should find for the plaintiff under its first prayer, and should further find that the amount of the invoice offered in evidence was the true amount due from the defendant to the plaintiff, for the work done under the contract, then

they might award that amount to the plaintiff with interest, in their discretion, from the time stipulated in the contract for the payment of the invoice. There was no error in the refusal of the court to grant this prayer. Like the second prayer of the plaintiff, it leaves out of consideration the issue raised as to the necessity for the prolongation of the work to the extent which the invoice indicated. It was upon the basis of work performed with reasonable diligence, and not with unrestricted reference to work which may have been unduly extended as to time, that the amount of the defendant's liability was to be determined.

The only other ruling excepted to allowed a question in answer to which the defendant said he regarded the plaintiff's representative, who solicited the order, as competent to assure him that the work would not cost over one hundred and fifty dollars. Both before and after the exception was taken the defendant testified without objection as to the statement to which it relates. The representative of the plaintiff was also questioned on the subject and gave opposing testimony. No ground for reversal is found in the ruling on this exception.

*Judgment affirmed, with costs.*